[See 21 Fed. 191.]

---

McCARTY (UNITED STATES v.). See Cases Nos. 15,657 and 15,658.

---

# Case No. 8,687.

McCASKEY v. The COAL BLUFF NO. 2.

[26 Pittsb. Leg. J. 185.]

District Court, W. D. Pennsylvania. 1879.

MARITIME LIENS—BUILDERS—WORK AND MATERIAL—CONTRACT ON LAND.

McCaskey and Kerr filed a claim against "Coal Bluff No. 2," in the U. S. district court, for building a new hull and furnishing materials for the same. The commissioner refused to allow the claim to participate in the fund for distribution arising from the sale of said boat, on the ground that said claim could not be enforced by the admiralty courts of the United States. *Held*, that the admiralty jurisdiction of the United States courts does not extend to cases, and cannot be enforced, where a lien is claimed by the builders of a vessel for work done and materials found in its construction.

An important and interesting question arose before Thos. M. McFarland, Esq., commissioner, in the case of "Coal Bluff No. 2," as to the jurisdiction of the admiralty courts of the United States. Exceptions were taken to the commissioner's ruling, and ably argued by the proctors for the libellants.

The exceptions were overruled. Following we give in full the commissioner's opinion on the question of jurisdiction: Having decided that "Coal Bluff No. 2," is a new boat, under the law, in this connection it will be more convenient and appropriate to consider next the claim of McCaskey & Kerr for building said new hull and furnishing materials for the same. There can be no doubt as to McCaskey & Kerr's lien before said boat passed within the dominion of the maritime law, but, after she entered her appropriate element, what is the position of said claimants in the federal court? It is well known that district courts recognize admiralty jurisdiction in rem against a vessel where certain liens are created by the local law of the state. The proctors in behalf of McCaskey & Kerr contend that this claim is entitled to participate in this distribution on the ground that the statutes of our state, relative to attachment of vessels, provide "for all debts contracted by the owner or owners, agent, consignee. master, clerk or clerks of such ship, steam or other boats, or vessels of whatever kind, character, or description, for and on account of labor done, or materials furnished, by boat builders," &c. [Laws 1858, p. 363]. and that, as the supreme court has decided liens granted by the laws of a state in favor of material men for supplies furnished to a vessel in her home port can be, and are enforced, by proceedings in rem in the district courts of the United States. The Lottawanna, 21 Wall. [88 U. S. 558]. Therefore, said claim should share in this distribution. The proctors for said libellants do not contend, it will be observed, that a contract to build a ship is a maritime contract, but vest their case on said statutory provisions in connection with the decision in the case of The Lottawanna [supra] and other similar decisions to which it is unnecessary to refer, as the case cited in 21 Wall. answers the purpose of stating their position. On the other hand, it is contended that a contract to build a vessel is a contract to be performed on land, and falling within the common law belongs to state jurisdiction, and a state has a right to give a lien against a vessel for work and materials entering into her construction, but that it cannot be enforced in the federal courts. There is no doubt but that proceedings are allowed in rem against domestic ships for repairs and supplies furnished in the home port, but does it follow that a lien for building a vessel can be enforced the same as the lien for repairs and supplies? While the proctors for the libellants may claim the question of maritime contract is not involved in the question I think it necessarily is. Suppose we were to admit that said statutory

provision is recognized by the United States courts, does not that recognition in the several decisions, relate to repairs and supplies furnished a vessel at the home port, and not to a contract "made on land, to be performed on land?" I am of this opinion.

The case of The Lottawanna being referred to, what does this case, really decide? The Hon. Judge Johnson, late of the Second circuit, in rendering an opinion in the case of The John Farron [Case No. 7,341], says: "The case of The Lottawanna, 21 Wall. [88 U. S.] 558, decides that a material man furnishing repairs and supplies to a vessel in her home port, does not thereby acquire any lien upon the vessel, by the general maritime law, as received in the United States, but that so long as congress does not interfere to regulate the subject the rights of material men furnishing necessaries to a vessel in her home port may be regulated in each state by state legislation; that. such contracts are maritime, and fall within the dominion of the admiralty jurisdiction, and that when in such cases a lien is given by the state laws, such lien may be enforced by the district courts of the United States, under the 12th rule, as modified by the supreme court of the United States, May 6th, 1872." But a contract for building a boat or vessel, or furnishing materials for the construction of the same, is "a contract on land, to be performed on land." "Contractors of the kind," says an eminent judge, "collect their materials very largely from the forests and the mines, and until the ship is launched, there is no necessary connection between the subject matter of the contract and her subsequent employment as a vehicle of commerce and navigation."

It has been decided that admiralty jurisdiction of the courts of the United States, does not extend to cases where a lien is claimed by the builders of a vessel, for work done and materials furnished in its construction. People's Ferry Co. v. Beers, 20 How. [61 U. S.] 393. And further, it has been held that a contract for building a ship is not a maritime contract, and, therefore, the federal courts will not take jurisdiction under the state laws, giving a lien in such cases. Roach v. Chapman, 22 How. [63 U. S.] 129. In a very recent case, the foregoing views were held in this district. Lauderbach v. The J. M. B. Kehlor [Case No. 8,-119]. The defense raised the point, that the suit could not be maintained in the admiralty court. The claim was for work done and materials furnished, in the construction of a new boat. This honorable court decided that the work so done, and the materials so furnished failed to constitute such a case in admiralty as would confer jurisdiction on the United States district court, and thereupon dismissed the libel.

Upon examination of various decisions on this question, I find that the views of some of the best authorities are not as clear as

desirable, but I have concluded, as already intimated, and for the reason that this question has recently been decided by this honorable court ruling as above stated, to disallow said claim for building said new hull.

